## CONTINUATION OF AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

## INTRODUCTION AND AGENT BACKGROUND

1. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code. I have been employed by the Federal Bureau of Investigation (FBI) as a Task Force Officer since September 2011. I have participated in numerous investigations of unlawful drug distribution and have conducted or participated in surveillances, the execution of search warrants, the recovery of substantial quantities of narcotics and narcotics paraphernalia, and the debriefings of informants and cooperating witnesses. I have reviewed taped conversations, as well as documents and other records relating to narcotics trafficking and money laundering. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed, the possession and use of firearms in connection with trafficking of such drugs, the use of electronic

communications, including cellular telephones, to further those activities and the methods by which narcotics traffickers store and conceal the proceeds of their illegal activities.

2. I have successfully completed seminars and training sponsored by the Pennsylvania State Police, Drug Enforcement Agency and the FBI dealing with search and seizure warrants, enforcement of state and federal drug laws, and the identification of controlled substances. I have also received training in surveillance, counter-surveillance, smuggling of drugs and laundering of drug proceeds.

3. I have served as a monitor, a member of the surveillance team and have listened to hundreds of intercepted phone calls between individuals identified as suspected narcotics traffickers.

## BASIS FOR FACTS CONTAINED IN THIS AFFIDAVIT

4. I make this affidavit, in part, based on personal knowledge derived from my participation in this investigation and, in part, based upon information from oral and written reports about this investigation prepared by your affiant or other law enforcement officers.

5. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by other

Special Agents/Task Force Officers of the FBI or other law enforcement officers. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read and reviewed.

6. I have not set forth each and every fact learned during the course of this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of a search warrant based on the instant affidavit.

## PROBABLE CAUSE

7. Beginning in February 2022, Tpr. RICHARTZ spoke to a Confidential Informant, hereafter known as the "CI." The CI related that an individual reached out to them regarding the sale of large quantities of Methamphetamine. This person was identified as Nicole LORD. LORD informed the CI that she could introduce them to her "plug" who was selling a pound of Methamphetamine for $3,000.00.

## Controlled Buy #1

8. On February 25, 2022, a controlled purchase of Methamphetamine was conducted under the direction and supervision of Tpr. RICHARTZ. An unwitting individual (Nicole Lord) introduced the CI and an Undercover Officer, hereafter known as the "UC," to an individual that was later identified as Dewayne BAILEY in an attempt to purchase four ounces of Methamphetamine. Dewayne BAILEY came to LORD's residence and sold a quantity of Methamphetamine to the CI in the presence of the UC in exchange for pre-recorded US Currency. Dewayne BAILEY was observed driving a black Mitsubishi Mirage bearing Pennsylvania registration: LMM2402. Following this transaction, it was discovered that the CI was not provided with the correct amount of Methamphetamine that had been ordered as Dewayne BAILEY had only given the CI two ounces of Methamphetamine. Ultimately the CI was contacted by Dewayne BAILEY from telephone number 717-482-6849. Dewayne BAILEY also provided the CI with a second phone number of 267-456-5584. Dewayne BAILEY later met with LORD and provided her with another sum of Methamphetamine. The UC then met back up with LORD to obtain the additional

Methamphetamine. Following the transaction, Tpr. RICHARTZ met with the UC and was provided the purchased Methamphetamine. The CI was searched before and after the controlled purchase for controlled substances, with negative results. The purchased Methamphetamine was field tested, and showed a positive presumptive indication for Methamphetamine, a Schedule II Controlled Substance.

9. Through investigative techniques Tpr. RICHARTZ was able to identify the black male as Dewayne Eugene BAILEY, DOB: 02/07/83. A query of Dewayne Eugene BAILEY, DOB: 02/07/83, through Penn Dot records revealed PA OLN: 27055752. The photograph associated with PA OLN: 27055752 was shown to the UC who confirmed Dewayne BAILEY was the individual they purchased Methamphetamine from.

10. A query of Dewayne BAILEY's criminal history revealed a last known address of 211 Fairview Ave, Lancaster, PA as of 04/28/18.

11. A query of Dewayne Eugene BAILEY's criminal history revealed a conviction of CS780-113(a)(30) on 11/23/11 in Pennsylvania and again on 10/02/14 in Pennsylvania.

## Controlled Buy #2

12. On March 3, 2022, the UC made a controlled purchase of suspected Methamphetamine from Dewayne BAILEY in York County, Pennsylvania. This purchase was made under the direction and control of Tpr. RICHARTZ. The UC made contact with Dewayne BAILEY at 267-456-5584 to arrange the purchase of Methamphetamine and Dewayne BAILEY contacted the UC back from 717-482-6849. A meeting location was arranged, and Dewayne BAILEY was observed arriving at the meeting driving a 2015 Mitsubishi Mirage bearing Pennsylvania Registration: LMM2402. Dewayne BAILEY met with the UC during which time the UC purchased an amount of suspected Methamphetamine from him in exchange for the pre-recorded US Currency. Dewayne BAILEY then drove away from the location in the same 2015 Mitsubishi Mirage bearing Pennsylvania Registration: LMM2402. The UC then met Tpr. RICHARTZ who turned over the suspected Methamphetamine they had purchased. The purchased Methamphetamine was field tested and showed a positive presumptive indication for Methamphetamine.

13. Following the controlled purchase, Dewayne BAILEY was followed to his suspected residence, 211 Fairview Ave, Lancaster, PA 17603. Bailey was observed parking away from his residence and walking to his residence and entering the front door at 211 Fairview Ave, Lancaster, PA 17603 after the controlled purchase was made by the UC.

### Controlled Buy #3

14. On March 14, 2022, a second CI, referred to as "CI2" made a controlled purchase of suspected Methamphetamine from William BAILEY in Lancaster County, Pennsylvania. This purchase was made under the direction and control of Tpr. RICHARTZ. CI2 related that William BAILEY utilizes 717-209-6657 and 717-619-0345. CI2 ultimately arranged to meet William BAILEY to purchase 14 grams of Methamphetamine. During the controlled purchase, surveillance observed Dewayne BAILEY exit his residence, 211 Fairview Ave, Lancaster City, Lancaster County, PA, and walked south on Fairview Ave towards his vehicle, a black Mitsubishi Mirage bearing Pennsylvania Registration: LMM2402. The black Mitsubishi Mirage was parked on Freemont Street, a few blocks from Dewayne BAILEY's residence, 211 Fairview Ave, Lancaster City, Lancaster County, PA. Dewayne BAILEY

7

was then followed to 1559 Manor Blvd, Manor Township, Lancaster County, PA where he picked up Stephon MORRISON. They then drove to 606 Pearl St., Lancaster, PA. Dwayne BAILEY then went inside the residence for a period time and then later left in the same vehicle with MORRISON. William BAILEY had been in contact with CI2 indicating that he was waiting for product to be delivered. Willaim BAILEY then left his residence and drove to meet with CI2. Willaim BAILEY met with CI2 and sold a quantity of Methamphetamine in exchange for the pre-recorded US Currency. Tpr. RICHARTZ met with CI2 who turned over the purchased Methamphetamine. The purchased Methamphetamine was field tested and showed a positive presumptive indication for Methamphetamine.

**Controlled Buy #4**

15.   On March 15, 2022, the UC made a controlled purchase of suspected Methamphetamine from Dewayne BAILEY in Lancaster County, Pennsylvania. This purchase was made under the direction and control of Tpr. RICHARTZ. The UC contacted Dewayne BAILEY at 717-305-1829 and ordered a sum of Methamphetamine. A meeting location was arranged. During the controlled purchase, surveillance observed

8

Dewayne BAILEY walk from the property of 211 Fairview Ave, Lancaster City, Lancaster County, PA.  Bailey then drove his black Mitsubishi Mirage bearing Pennsylvania registration: LMM2402 to 1559 Manor Blvd, Manor Township, Lancaster County, PA.  Dewayne BAILEY was then observed entering the residence of 1559 Manor Blvd, through the front door.  Dewayne Bailey then exited the residence and left in his black Mitsubishi Mirage bearing Pennsylvania registration: LMM2402. BAILEY drove to meet the UC and sold the UC the suspected Methamphetamine in exchange for the pre-recorded US Currency.  Tpr. RICHARTZ met with the UC who turned over the purchased Methamphetamine.  The purchased Methamphetamine was field tested and showed a positive presumptive indication for Methamphetamine.

### Controlled Buy #5

16. On March 25, 2022, a UC made a controlled purchase of suspected Methamphetamine from Dewayne BAILEY in Lancaster County, Pennsylvania.  This purchase was made under the direction and control of Tpr. RICHARTZ.  The UC contacted Dewayne BAILEY at 717-305-1829 and ordered a sum of Methamphetamine. A meeting location was arranged. During the controlled purchase, surveillance observed

Dewayne BAILEY walk from the property of 211 Fairview Ave, Lancaster City, Lancaster County, PA. Dewayne BAILEY then got into an Acura MDX bearing PA registration: LKR8570 and drove to 1559 Manor Blvd, Manor Township, Lancaster County, PA. Tpr. RICHARTZ observed Bailey enter the residence of 1559 Manor Blvd. Tpr. RICHARTZ then observed Dewayne BAILEY exit the same residence walk towards his black Mitsubishi Mirage bearing Pennsylvania registration: LMM2402. Dewayne BAILEY drove directly to the UC and sold the UC the suspected Methamphetamine in exchange for the pre-recorded US Currency. Tpr. RICHARTZ met with the UC who turned over the purchased Methamphetamine. The purchased Methamphetamine was field tested and did show a positive presumptive indication for Methamphetamine.

17. During the course of this investigation, Dewayne BAILEY utilized (3) different phone numbers. (267-456-5584, 717-482-6849, 717-305-1829). William BAILEY utilized (2) different phone numbers. (717-209-6657, 717-619-0345)

## Search Warrants

18. On March 29, 2022, at approximately 0605 hours, members of the Pennsylvania State Police Special Emergency Response Team executed a Commonwealth of Pennsylvania Search Warrant at 1559 Manor Blvd, Manor Township, Lancaster County, PA. Ten individuals were located inside the residence. Stephon MORRISON was located in the living room. Det. MCBRIDE of the York County Drug Task Force conducted a search of MORRISON's person pursuant to the search warrant as well as items within his wingspan. The search revealed:

- A black iPhone located on the floor by MORRISON.
- A bag of Methamphetamine located on the sofa in the living room.
- $362.00 was located in MORRISON's front left pocket.
- An M&M container containing (5) bags of suspected Crack Cocaine was discovered in MORRISON's front left pocket.
- $40.00 was located in MORRISON's front right pocket.
- An M&M container containing (1) bag of Methamphetamine and (16) bags of suspected Crack Cocaine were discovered in the front right pocket.
- ID and Bank card for MORRISON was also discovered in the front right pocket.
- $850.00 was discovered in MORRISON's rear left pocket.
- A plastic bag of Marijuana was discovered on the floor near MORRISON.
- A black backpack was located near MORRISON's feet that contained (2) bags of small baggies and (1) box of sandwich bags.

19. Based on the quantity of controlled substances, as well as the way the drugs were packaged for sale, US Currency on hand, and unused baggies used to package drugs, MORRISON was placed under arrest for CS780-113(a)(30) (Possession with intent to Distribute). The items listed were seized and placed into evidence under Property Record J01-26473. An approximate weight of the drugs seized were 35 grams of Crack Cocaine and 4 grams of Methamphetamine.

20. On March 29, 2022, at approximately 0610 hours, members of the Pennsylvania State Police, York County Drug Task Force, Lancaster County Drug Task Force, Lancaster City Police and Homeland Security (HSI), executed a Commonwealth of Pennsylvania Search Warrant at 211 Fairview Ave, Lancaster City, Lancaster County, PA.

21. Tpr. RICHARTZ knocked and announced law enforcement presence. Cherita Louise Bailey answered the door, and officers made entry into the residence. Dewayne BAILEY was discovered in the basement and placed into custody. Dewayne BAILEY was the only individual in the basement.

22. On March 29, 2022, at approximately 0615 hours, Tpr. RICHARTZ advised Dewayne BAILEY of his Miranda warnings. He

acknowledged that he understood. Dewayne BAILEY did not answer any of my questions and remained silent when I asked him questions. Dewayne BAILEY was searched by Cpl. LONG of the Pennsylvania State Police and found to have a wallet, $630.00 in US Currency and a black Samsung cellphone.

23. A search of the residence revealed approximately 951 grams of Crack Cocaine, 672 grams of Cocaine, 2500 grams of Methamphetamine, 9 pounds of Marijuana, 7 firearms (2 were stolen), and $65,937.00 in US Currency. Along with the Samsung cellphone that was found on Dewayne BAILEY's person, a blue and black Kyocera cellphone, white LG phone, black cool pad cellphone, apple iPhone, black wiko cellphone and a black Samsung tablet were seized. All items were seized and placed into evidence under Property Record J01-26472.

24. The cellular telephones that were seized during this investigation are further described as:

　　i. A black iPhone located on the floor by MORRISON at 1559 Manor Blvd, Manor Township, Lancaster County, PA.
　　ii. A black Samsung cellphone in possession of Dewayne BAILEY at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

13

    iii.    A blue and black Kyocera cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

    iv.    A white LG phone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

    v.    A black cool pad cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

    vi.    An apple iPhone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

    vii.    A black wiko cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

    viii.    A black Samsung tablet located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

## FURTHER BACKGROUND

25.    Your Affiant knows through training and experience that drug traffickers utilize cellular telephones to make contact with associates who both supply and receive controlled substances from those same traffickers. Drug traffickers often have historical records that remain on electronic devices and indicate telephone numbers, photographs and names of contacts who have called or have been called, records of received and sent text messages, emails and other forms of communications that are commonly utilized on web-enabled cellular

telephones.  Further, cellular telephones and other electronic devices are utilized by drug traffickers to contact other associates (or co-conspirators) who are involved with the supply, transportation and distribution of illicit drugs and other illegal activities.

26.   Based on the facts outlined in this affidavit, your affiant believes that there is probable cause to search the electronic devices seized during this investigation.  It is believed that these devices contain information, data, and images that would be used as evidence in furtherance of this investigation.

# ATTACHMENT A

# ITEMS TO BE SEARCHED

1. A black iPhone located on the floor by MORRISON at 1559 Manor Blvd, Manor Township, Lancaster County, PA.
2. A black Samsung cellphone in possession of Dewayne BAILEY at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
3. A blue and black Kyocera cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
4. A white LG phone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
5. A black cool pad cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
6. An apple iPhone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
7. A black wiko cellphone located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.
8. A black Samsung tablet located on a green bin at 211 Fairview Ave., Lancaster City, Lancaster County, PA.

## ATTACHMENT B

## Particular Things to be Seized

1. All records on the TARGET DEVICES described in Attachment A that relate to violations of 21 U.S.C. 841(a)(1) and 846 and including:

   a. lists of customers and related identifying information;
   b. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   c. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   d. photographs and videos of firearms, drugs, and cash;
   e. all bank records, checks, credit card bills, account information, and other financial records.

2. All records on the TARGET DEVICES described in Attachment A that relate to violations of 18 U.S.C. §§924(c) and 922(g) and including:

   a. Information, to include photographs or other evidence, regarding the possession and use of firearms, to include details regarding the manner in which they were acquired; how and when they were carried; and how and when they were used.

3. Evidence of user attribution showing who used or owned the TARGET DEVICE at the time the things described in this warrant

were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

      4.     As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.